FILED
98 NOV 16 PM 3:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DEAN WITTER REYNOLDS, INC.,** | ] | |
| Plaintiff, | ] | |
| vs. | ] | CV 97-N-3025-NE |
| **HUBERT WEAVER,** | ] | |
| Defendant. | ] | |

ENTERED
NOV 16 1998

## Memorandum of Opinion

In this action, the plaintiff, Dean Witter Reynolds, Inc. (hereinafter "Dean Witter") seeks injunctive and declaratory relief pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* and 28 U.S.C. § 2201. Specifically, Dean Witter seeks to prevent the defendant, Hubert Weaver, from arbitrating claims arising out of his investment in Aircraft Income Partners (AIP) on the basis that the claims are ineligible for arbitration under the National Association of Securities Dealers (NASD) Code of Arbitration Procedure § 10304.

**I.    Facts.**

The facts in this case are in all relevant respects undisputed. Weaver opened a Dean Witter IRA account in April of 1988. On June 22, 1988, Weaver purchased 96 units of AIP, a limited partnership. Weaver's broker, Paul Baune, left Dean Witter in March of 1990, after which Weaver transferred all the securities in his Dean Witter account to another brokerage firm. After July 16, 1990, Weaver did not purchase or sell any other securities through Dean Witter.



Because Dean Witter is a member of the NASD, it is required by NASD Code § 10301 to arbitrate any disputes, claims, and controversies between its customers and itself. The arbitration requirement is subject to NASD Code § 10304, which provides that:

> No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. This Rule shall not extend to applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

Weaver lost a substantial amount of money on his investment in AIP, and he submitted an arbitration claim to the NASD on September 11, 1997. In his statement of claim, Weaver sought "recission of his purchase of the [AIP] based on misrepresentations made pertinent to such purchase." He has since added claims of fraudulent suppression, misrepresentation/constructive fraud, and negligent supervision.

## II. Discussion.

Dean Witter claims that Weaver's claims are not eligible for arbitration because they were not filed within the six-year period prescribed by NASD Code § 10304.[1] In *Kidder Peabody v. Brandt*, 131 F.3d 1001 (11th Cir. 1997), the Eleventh Circuit detailed the procedure to be followed by the district courts when faced with application of the § 10304 time limits. The court held first that the six-year period provided under § 10304 begins to run when an "occurrence or event" takes place that makes the claim viable and that the "'occurrence or event' which 'gives rise to the . . . claim' is the last occurrence or event

---

[1] Despite the defendant's arguments to the contrary, it is firmly established in the Eleventh Circuit that the application of § 10304 is a matter to be decided by this court, rather than by the arbitrator, unless there is "clear and unmistakable evidence" to the contrary. *Merrill Lynch v. Cohen*, 62 F.3d 381 (11th Cir. 1995). No such evidence exists in the case at bar.

2

necessary to make the claim viable. A claim is viable when all the elements of that claim can be established such that it could withstand a motion to dismiss for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Brandt*, 131 F.3d at 1004.

It is undisputed that Weaver invested in AIP more than six years prior to when he submitted his arbitration claim. Although the purchase date of the security does not necessarily signal the beginning of the six-year eligibility period, in the present case the purchase of the interest in AIP was clearly the "occurrence or event" which gave rise to Weaver's claim to the NASD. *See generally Merrill Lynch v. Cohen,* 62 F.3d 381, 385 n.7 (11th Cir. 1995). In his statement of claim submitted to the NASD, Weaver alleged that Dean Witter made false representations about the risk involved in the AIP investment and sought "recission of his purchase . . . based on misrepresentations made pertinent to such purchase." The plaintiff also continually refers to misrepresentations made in 1988 throughout his pleadings in the case at bar.

In this court, Weaver has asserted claims of fraudulent suppression, misrepresentation/constructive fraud, and negligent supervision—presumably in an effort to bring his claims within the eligibility period. As is clear from the facts asserted by Weaver, these claims amount to nothing more than a claim of fraudulent concealment. They do not constitute independent causes of action that are eligible for arbitration. *See, e.g., Paine Webber, Inc. v. Hofmann,* 984 F.2d 1372, 1382 (3d Cir. 1993). While fraudulent concealment may toll a conventional statute of limitations, the Eleventh Circuit has expressed agreement with the Sixth, Third, and Seventh Circuits that § 10304 is not subject

to equitable tolling. *See Cohen*, 62 F.3d at 385 n.4; *see also Ohio Company v. Nemecek*, 98 F.3d 234 (6th Cir. 1996); *Paine Webber, Inc. v. Hofmann*, 984 F.2d 1372 (3d Cir. 1993); *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509 (7th Cir. 1992). Therefore, Weaver's additional claims cannot save his underlying claim from being untimely.

**III.     Conclusion.**

For the foregoing reasons, the court holds that Weaver's arbitration claim is untimely under NASD Code § 10304. Judgment for the plaintiff will be entered by separate order.

Done, this ___16th___ of November, 1998.

                                                  EDWIN L. NELSON
                                         UNITED STATES DISTRICT JUDGE